Donald Leon FARMER, Petitioner,

v.

Ray PAGE, Warden, Oklahoma State Penitentiary, and the State of Oklahoma, Respondents.

No. A-16347.

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1970.

James E. Frasier, Tulsa, for petitioner.

G. T. Blankenship, Atty. Gen., for respondents.

## MEMORANDUM OPINION

NIX, Judge.

This is an original proceeding for writ of habeas corpus brought for Petitioner, Donald Leon Farmer, by his attorney, James E. Frasier.

On October 26, 1970, judgment and sentence was imposed in the District Court of Tulsa County, Case No. CRF-70-516, sentencing Petitioner to a term of ten (10) years. In the same proceedings appeal bond was designated in the amount of $10,000.00 and Petitioner ordered to remain in the county jail for ten (10) days. During the ten days after imposition of judgment and sentence while Petitioner was held in the county jail before being transfered to the state penitentiary, he was unable to post bond. Petitioner is now able to post bond in the amount designated by the district court, but a question has arisen as to legality of accepting the bond after the ten day period.

A similar fact situation arose in Boyd v. Oklahoma, No. A-15634, in which this Court held in an order dated November 21, 1969, that "defendant should be allowed to post appeal bond" after the ten day period.

Title 22, O.S.Supp.1970, § 1077, provides that "bail on appeal shall be allowed from a judgment of conviction" in all cases except on a sentence of death or life imprisonment. Section 1078 empowers the trial court to set the amount of appeal bond and "the time in which the bond shall be given in order to stay the execution of the judgment". Section 1079 provides for "review of the action of the trial court" by habeas corpus proceedings in the appellate court.

We find no statutory bar to the posting of an appeal bond after the day set for execution of the sentence by transfer of a defendant to the custody of the Department of Corrections. The ten days after imposition of the judgment and sentence while the defendant is retained in the county jail before transfer to the state penitentiary is a matter of convenience and the expiration of that time does not prevent the offer or acceptance of an appeal bond and release of defendant on said bond pending an appeal. To hold otherwise would be to establish a legal technicality which subverts the paramount intent of the statute that "bail on appeal shall be allowed."

Therefore, notwithstanding the expiration of ten (10) days allowed by the district court while Petitioner was retained in the county jail, if he is now able to post bond in the amount designated by the district court, Petitioner is entitled to be released on a proper bond while an appeal is pending. The Court Clerk shall review any offered bond and accept same if it is otherwise acceptable as required by law.

It is therefore ordered that the Court Clerk of the District Court of Tulsa County shall accept the offer of a bond for Petitioner if it is in the amount required by the District Court, and otherwise satisfies legal requirements.

It is further ordered that upon the showing of evidence to the penitentiary officials that an appeal bond has been posted, Petitioner shall be released from confinement on the judgment and sentence in Tulsa County District Court Case No. CRF–70–516, until the appeal of said case is settled.

Writ granted.

BRETT, P. J., and BUSSEY, J., concur.