In re Habeas Corpus of Roland Donald WHITE.

No. H–77–6.

Court of Criminal Appeals of Oklahoma.

March 3, 1977.

Dennis L. Pope, Enid, for petitioner.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for respondent.

## OPINION

### PER CURIAM:

On the 16th day of February, 1977, this matter came on for hearing, before the Court of Criminal Appeals of the State of Oklahoma, at which time Petitioner was represented by Dennis L. Pope and respondent appeared by Assistant State Attorney General Michael Jackson.

The uncontroverted facts are that on the 18th day of November, 1976, judgment and sentence was entered in District Court, Logan County, Oklahoma in CRF–76–9 and CRF–76–10. The trial court ordered Petitioner be returned to the County Jail for a period of ten (10) days and thereafter he was delivered to the warden of the State Penitentiary under authority of the judgments and sentences entered against him.

■ In his petition filed herein, and on argument presented to this Court, Mr. Pope, Counsel for Petitioner, stated that he was unable to obtain the services of the two local bondsmen duly qualified to act as bail bondsmen in Logan County under provisions of 59 O.S.1971, § 1301 et seq., but thereafter had tendered to court surety bonds executed by one Ed McCombs, who was duly licensed under the provisions of 59 O.S.1971, § 1303 et seq. to act as bail bondsman in Oklahoma County. Counsel acknowledged that Mr. McCombs had not complied with the statutory requirement for acting as a bail bondsman in Logan

County, said requirements set out at 59 O.S.1971, § 1303:

". . . Every bondsman as provided under the terms of this act shall file with the commissioner an election of the county or counties in which he shall do business as a bondsman and the commissioner shall certify those counties in which such bondsman is eligible to do business. It shall be a requirement of this act that any such bondsman shall be constantly accessible in those counties wherein the bondsman is qualified to do business. Accessibility as herein required shall mean that the bondsman must have a duly authorized agent within the county with authority to make and execute a bail bond . . ."

Counsel argues however that such requirement is not necessary, relying on *Farmer v. Page*, Okl.Cr., 478 P.2d 1010 (1970).

While we are in accord with the decision reached in *Farmer v. Page*, supra, we are of the opinion that Mr. McCombs, to act as a bail bondsman by himself or through an agent, must comply with the provisions of the statute cited above in order to post bond in Logan County.

We find that the trial court, Logan County, properly refused to accept said bond.

■ Petitioner next contends the trial court raised the appeal bond from Five Thousand Dollars ($5,000.00) in each case to Ten Thousand Dollars ($10,000.00) without proper notice to Petitioner or proper hearing. A review of the transcript of proceedings of judgment and sentence indicates that at sentencing the trial court, with Petitioner and his trial attorney present, set the appeal bond at Ten Thousand Dollars ($10,000.00) for each case (November 18, 1976 hearing—page 9). Following sentencing the trial court discovered an erroneous court clerk minute which listed the appeal bond at Five Thousand Dollars ($5,000.00) in each case, and issued an order correcting said minute. Counsel for Petitioner, who was not Petitioner's counsel at sentencing, relied on the erroneous minute and the trial court's subsequent order correcting the

minute in his argument that appeal bond was improperly raised, and did not have the benefits of the transcript of the proceeding of judgment and sentence at the time of oral argument in this Court. Subsequent to oral argument, this Court received the transcript of the trial proceedings, including the proceeding on judgment and sentence of November 18, 1976. In light of this record, we dismiss this argument of Petitioner, and find that the trial court did not abuse its discretion in setting appeal bonds in the amount of Ten Thousand Dollars ($10,-000.00) in CRF–76–9 and Ten Thousand Dollars ($10,000.00) in CRF–76–10.

However, the Court being advised that bond as heretofore set by this Court in its opinion of February 16, 1977, has been posted in the amount of Five Thousand Dollars ($5,000.00) in each case, it is therefore ordered that Petitioner be permitted to remain on his present bonds until the 15th day of March, 1977, and surrender himself to the Court or post an additional bond of Five Thousand Dollars ($5,000.00) in each case on or before March 15, 1977.